IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                       No. 13-cr-0985 MV-1
                                                           No. 15-cv-0988 MV/SMV

FEDERICO LUJAN,

    Defendant/Petitioner.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendant/Petitioner ("Petitioner") Federico Lujan's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Motion"), filed on November 3, 2015 [CV Doc. 1, CR Doc. 158].[1] Plaintiff/Respondent ("the Government") responded on December 31, 2015. [CV Doc. 5, CR Doc. 162]. Petitioner replied on January 22, 2016. [CV Doc. 6, CR Doc. 163]. The Government filed a surreply on January 27, 2016. [CV Doc. 9, CR Doc. 166]. The Honorable Martha Vázquez, United States District Judge, referred this matter to me for proposed findings and a recommended disposition. [CV Doc. 10, CR Doc 167]. Having reviewed the parties' submissions, the relevant law, and the records in this case and Petitioner's underlying criminal case, I recommend that the Motion be denied and that Case No. 15-cv-0988 MV/SMV be dismissed with prejudice.

---

[1] References that begin with "CV" are to Case No. 15-cv-0988 MV/SMV. References that begin with "CR" are to the underlying criminal case, Case No. 13-cr-0985 MV.

**Factual Background**

On March 27, 2013, a federal grand jury indicted Petitioner on two counts of aggravated assault under 18 U.S.C. § 1152 and NMSA § 30-3-2(A) and one count of using, carrying, and possessing a firearm during and in furtherance of a crime of violence under 18 U.S.C. § 924(c). [CR Doc. 28].

At trial, the jury found Petitioner guilty on all three counts. [CR Doc. 152] at 91–92. As part of their verdict on the § 924(c) count, the jury specifically found that Petitioner discharged a firearm. *Id*. at 92. Judge Vázquez sentenced Petitioner to two days on each count of aggravated assault, running concurrently, and 120 months on the § 924(c) count (the mandatory minimum sentence when the jury finds that a defendant discharged a weapon during the crime) to run consecutively. [CR Doc. 127] at 2.

Petitioner filed a Notice of Appeal on November 25, 2014. [CR Doc. 129]. The Tenth Circuit Court of Appeals filed an Order noting that "it has been long held in this circuit that claims of ineffectiveness of trial counsel generally must be raised (if at all) in the post-conviction context, not in a direct criminal appeal." [CR Doc. 141] at 2. The Court of Appeals then granted Petitioner's motion to dismiss his appeal. [Doc. 157-1].

Petitioner, who is currently incarcerated and represented by counsel in this matter, filed the instant Motion on October 30, 2015. [CV Doc. 1, CR Doc. 158]. The Government responded on December 31, 2015. [CV Doc. 5, CR Doc. 162]. Petitioner replied on January 22, 2016. [CV Doc. 6, CR Doc. 163]. With permission of the Court, the Government filed a surreply on January 27, 2016. [CV Doc. 9, CR Doc. 166].

### Standard for Ineffective-Assistance-of-Counsel Claims

The test for making a claim of constitutionally ineffective assistance of counsel was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must satisfy a two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial.

466 U.S. at 687. Both showings must be made to satisfy the *Strickland* standard. *Id.* The Court need not address both prongs of the standard if the defendant makes an insufficient showing on one of the prongs. *Id.* at 697. In applying the two-part *Strickland* test, a court may address the performance and prejudice components in any order. *Boltz v. Mullin*, 415 F.3d 1215, 1222 (10th Cir. 2005).

Under the first prong, a defendant must demonstrate that his counsel's performance was deficient. The appropriate standard for attorney performance is that of reasonably effective assistance; the defendant must demonstrate that counsel's representation, considering all the circumstances, fell below an objective standard of reasonableness based on prevailing professional norms. *See Strickland*, 466 U.S. at 687–88. For counsel's performance to be constitutionally ineffective, it must have been "completely unreasonable, not merely wrong." *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (quoting *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995)). In evaluating an attorney's performance, the Court must be highly deferential:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689 (internal quotation marks omitted).

In applying this test, the Court must give considerable deference to an attorney's strategic decisions and "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. "Neither hindsight nor success is the measure" of whether counsel was effective, and "effective" is not synonymous with victorious or flawless. *Dever v. Kan. State Penitentiary*, 36 F. 3d 1531, 1537 (10th Cir. 1994). Rather, to be considered *ineffective* assistance of counsel, "the representation must have been such as to make the trial a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Id*. (citing *Lorraine v. United States*, 444 F.2d 1, 2 (10th Cir. 1971)).

In order to satisfy the second prong of *Strickland*, a defendant asserting ineffective assistance of counsel must also affirmatively prove prejudice. *Strickland*, 466 U.S. at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the [trial] would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### Petitioner's trial counsel was not deficient for failing to request a jury instruction on negligent use of a deadly weapon because it is not a lesser-included offense of 18 U.S.C. § 924(c).

Petitioner argues that his trial counsel's performance was deficient because he failed to request a jury instruction for negligent use of a deadly weapon under New Mexico law.[2] [CV Doc. 1, CR Doc. 158] at 3. He further argues that he was entitled to such an instruction because negligent use of a deadly weapon is a lesser-included offense of 18 U.S.C. § 924(c). [CV Doc. 6, CR Doc. 163] at 3–4. Petitioner's Motion includes an affidavit from his trial counsel that states that he failed to request the instruction because of his "misunderstanding of the laws governing the gun count," rather than, presumably, a strategic decision. [CV Doc. 1-1, CR Doc. 158-1] at 1.

18 U.S.C. § 924(c)(1)(A)(iii) provides in relevant part:

> any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

In contrast, NMSA § 30-7-4(A) provides:

> A. Negligent use of a deadly weapon consists of:
> (1) discharging a firearm into any building or vehicle or so as to knowingly endanger a person or his property;

---

[2]Negligent use of a deadly weapon, NMSA § 30-7-4(A) has four subsections. In his Motion, Petitioner seemed to argue that trial counsel should have requested an instruction under the first subsection. [CV. Doc. 1, CR. Doc. 158] at 3. In his Reply, Petitioner clarified that trial counsel should have requested an instruction under all four subsections. [CV. Doc. 6, CR. Doc. 163] at 3–4. The Government had the opportunity to respond to Petitioner's clarification in its Surreply. [CV Doc. 9, CR. Doc. 166].

5

>   (2) carrying a firearm while under the influence of an intoxicant or narcotic;
>   (3) endangering the safety of another by handling or using a firearm or other deadly weapon in a negligent manner; or
>   (4) discharging a firearm within one hundred fifty yards of a dwelling or building, not including abandoned or vacated buildings on public lands during hunting seasons, without the permission of the owner or lessees thereof.

Fed. R. Crim. P. 31(c)(1) provides that "[a] defendant may be found guilty of . . . an offense necessarily included in the offense charged." "Under federal law, an offense is not a lesser-included offense of another offense 'unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no [lesser-included offense] instruction is to be given . . . .'" *United States v. Barrett*, 797 F.3d 1207, 1220 (10th Cir. 2015) (quoting *Schmuck v. United States,* 489 U.S. 705, 716 (1989)).

Each of the subsections of the charge of negligent use of a deadly weapon requires an additional element or elements not required for a conviction under 18 U.S.C. § 924(c). Subsection 1 requires proof that (i) the defendant discharged a weapon into a building or vehicle, and (ii) the discharge was intended to knowingly endanger a person or his property. Subsection 2 requires proof that the defendant was under the influence of drugs or alcohol. Subsection 3 requires proof that (i) the defendant endangered the safety of another person, (ii) by using the weapon in a negligent manner. Subsection 4 requires proof that a defendant discharged the firearm within 150 yards of a dwelling or building.

The jury instructions for the charge of negligent use of a deadly weapon further illustrate that the jury would have to find additional element(s) not required for conviction under § 924(c):

> For you to find the defendant guilty of negligent use of a deadly weapon . . . the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. The defendant discharged a firearm into a building [or] vehicle
> OR
> The defendant discharged a firearm knowing that he was endangering a person [or] property
> OR
> The defendant was carrying a firearm while under the influence of alcohol [or] narcotics
> OR
> The defendant endangered the safety of another, by handling or using a deadly weapon [or] firearm in a negligent manner
> OR
> The defendant discharged a firearm within one hundred and fifty yards of a dwelling [or] building without permission of the owner or lessee.
>
> The state must also prove that either:
> A. the weapon was discharged on non-public lands; or
> B. the discharge did not occur during hunting season; or
> C. that the dwelling [or] building was not an abandoned or vacated building
>
> 2. The defendant was not a peace officer or other public employee who is required or authorized by law to carry or use a firearm in the course of employment and who carries, handles, uses or discharges a firearm while lawfully engaged in carrying out the duties of such office or employment

UJI 14-703 NMRA. Thus, not only would the jury have to find an additional fact or facts about the circumstances of the negligent use of the weapon, they would need to find additional facts about the characteristics of the location and timing of the use and the identity of the defendant.

While these additional elements do not necessarily conflict with the elements of § 924(c), the fact that there are additional elements means that negligent use of a firearm is not a lesser-included offense of § 924(c). Petitioner may be correct that "multiple subsections [of the negligent use of a deadly weapon statute] fit precisely with the facts that the jury heard" at trial.

7

[CV Doc. 6, CR Doc. 163] at 4. However, the test for whether an instruction should have been given is not whether the facts presented at trial fit the elements of a different charge. The test is whether the "lesser offense requires an element not required for the greater offense." *See Barrett*, 797 F.3d at 1220.

The Supreme Court has "never suggested that the Constitution requires anything more" than instructions on lesser included offenses. *Hopkins v. Reeves*, 524 U.S. 88, 96 (1998). Petitioner is essentially arguing that his trial counsel was constitutionally ineffective for failing to request an instruction for a "lesser *related* offense." *Id.* (emphasis added). Petitioner was not entitled to such an instruction. His trial counsel was not deficient for failing to make such a request. Because I find that counsel's performance was not deficient under the first prong of *Strickland*, I need not discuss the second prong.

## Conclusion and Recommended Disposition

Because I find that trial counsel's performance was not deficient, I recommend that Petitioner's Motion be DENIED and that Case No. 15-cv-0988 MV/SMV be DISMISSED with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* D.N.M.LR-Civ. 10.1. **If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**