## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff/Respondent,

vs.                                         No. 13-cr-0985 MV-1
                                                  No. 15-cv-0988 MV/SMV

**FEDERICO LUJAN,**

    Defendant/Petitioner.

### ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO AMEND

THIS MATTER is before the Court on Petitioner's Motion for Leave to Amend Petition to Vacate Conviction under 28 U.S.C. § 2255 ("Motion") [CV Doc. 13, CR Doc. 170], filed April 22, 2016.[1] Petitioner indicates that the Government takes no position on the Motion. *Id.* at 7. For the reasons stated below, the Court will grant the Motion.

Rule 15 of the Federal Rules of Civil Procedure states that, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.* While courts should consider several factors in determining whether to grant leave to amend a complaint, the standard the moving party must meet is easily met. In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court of the United States stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant,

---

[1] References that begin with "CV" are to Case No. 15-cv-0988 MV/SMV. References that begin with "CR" are to the underlying criminal case, Case No. 13-cr-0985 MV.

> repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id*. at 182.

The Motion does not indicate bad faith on the part of Petitioner. There has not been a repeated failure by Petitioner to cure deficiencies in previous amendments, nor is there an indication that permitting Petitioner to amend would cause undue prejudice to the Government. While the Court does not pass on the wisdom or merits of Petitioner's Motion, there is no indication at this stage that it is futile.

Finally, while the claims raised in the Motion do not "relate back" to the claims in his original Petition (that is, the Motion raises an entirely different issue than the original Petition), the Motion does not appear to be untimely under AEDPA. *See generally United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (discussing a motion to amend a habeas petition considering AEDPA's one-year statute of limitations).

The Court **GRANTS** Petitioner's Motion to Amend [CV Doc. 13, CR Doc. 170].[2] Petitioner must file his amended Petition no later than **May 3, 2016**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[2] Because judgment has not entered in this case, the Court will not "treat this Motion like a second or successive § 2255 motion." *United States v. Bell*, 511 F. App'x. 720, 721 (10th Cir. 2013).